IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTOPHER GEORGE DAVISON                                    PETITIONER

v.                                            CRIMINAL NO. 1:12-cr-95-LG-RHW
                                              CIVIL NO. 1:16-cv-220-LG

UNITED STATES OF AMERICA                                      RESPONDENT

**ORDER DENYING MOTION MADE PURSUANT TO 28 U.S.C. § 2255 AND
DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL**

BEFORE THE COURT is the [19] Motion to Vacate, Set Aside, or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Christopher George Davison. Davison was sentenced to 151 months and three years supervised release for attempting to possess with intent to distribute a controlled substance. Davison challenges the constitutionality of United States Sentencing Guideline § 4B1.2(a)(2). He further argues that his previous Mississippi state court conviction for statutory rape[1] should not be considered a "crime of violence" under § 4B1.2(a). Having reviewed the applicable law, the Court finds that Davison's Motion should

---

[1] Davison was convicted under Miss. Code § 97-3-65, which covers statutory rape; forcible sexual intercourse; and criminal sexual assault protection orders. In his Motion, Davison alternates between the terms "statutory rape" and "forcible rape." For the sake of consistency, the Court will use "statutory rape" throughout the opinion.

1

be denied. Davison's Motion for Voluntary Dismissal [23] will be denied as moot.[2]

Section 2255 provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2225(a). Davison contends that: (1) the residual clause in § 4B1.2(a)(2) is unconstitutionally vague; and (2) his prior Mississippi state court conviction for statutory rape is not a "crime of violence" under § 4B1.2(a) because (a) Mississippi's statutory rape statute does not meet the physical force requirement of § 4B1.2(a)(1); (b) statutory rape is not an enumerated crime under the Commentary to § 4B1.2 because Mississippi's definition of statutory rape is broader than the generic definition of the crime; and (c) statutory rape is not an enumerated crime under § 4B1.2(a)(2) because it is enumerated in the Commentary to § 4B1.2, but not the body of § 4B1.2(a)(2). The Court discusses each contention in turn below.

**(1) "Unconstitutionally Vague"**

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both

---

[2]The Government objected to Defendant's Motion for voluntary dismissal.

denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. The *Johnson* Court left open the question, however, of whether the identically worded residual clause contained in Sentencing Guideline § 4B1.2(a)(2) – challenged here by Davison – was constitutional.

On March 6, 2017, the Court answered that question in *Beckles v. United States*, 137 S. Ct. 886 (2017). Specifically the Court found that "[u]nlike the ACCA, . . . the advisory guidelines do not fix the permissible range of sentences." *Id.* at 892. "To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* "Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.* Thus, pursuant to *Beckles,* the Court finds that Davison is not entitled to 2255 relief based on the challenge that § 4B1.2(a)(2) is unconstitutionally vague. *See, e.g., United States v. Garza*, No. 2:11-CR-117-1, 2017 WL 932933, at *2 (S.D. Tex. Mar. 8, 2017).

**(2) "Crime of Violence"**

Davison's arguments pertaining to the physical force requirement of § 4B1.2(a)(1) and the application of the Commentary to § 4B1.2 to Mississippi's definition of statutory rape necessarily assume that the residual clause is unconstitutional, which *Beckles* holds it is not. Because Davison has not challenged whether statutory rape qualifies as a "crime of violence" under the residual clause, the Court need not decide whether statutory rape also qualifies under the physical

3

force clause of § 4B1.2(a)(1) or under the enumerated offenses of the Commentary to § 4B1.2. *See, e.g., United States v. Rodriguez*, 664 F.3d 1032, 1036 (6th Cir. 2011) (explaining that a prior felony can be considered a "crime of violence" if it is one of the enumerated offenses in the Commentary; meets the elements of the "physical force" clause; or qualifies under the "residual clause"); *United States v. Tibbs*, No. 15-1060, 2017 WL 1314933, at *4 (6th Cir. Apr. 10, 2017) ("However, in light of *Beckles*, we need not parse the Michigan armed robbery statute to determine whether it satisfies the force-as-an-element clause because it qualifies as a crime of violence under the residual clause of U.S.S.G. 4B1.2(a).")

Furthermore, Davison again relies on *Johnson* in arguing that statutory rape is not a "crime of violence" under § 4B1.2(a) because it is an enumerated offense under the Commentary to § 4B1.2, but not in the body of § 4B1.2(a)(2). *Beckles* is dispositive of this issue, as well. Because *Beckles* held that the residual clause in § 4B1.2(a)(2) is not void for vagueness, "[t]he residual clause therefore provides a textual hook for the Guideline commentary's list of enumerated offenses, making the commentary consistent with and an interpretation or explanation of § 4B1.2 text." *United States v. Garces*, No. 16-40699, 2017 WL 1382069, at *1 (5th Cir. Apr. 18, 2017). Thus, Davison's argument in this respect is likewise without merit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Petitioner Christopher George Davison's [19] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**.

4

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner Christopher George Davison's [23] Motion for Voluntary Dismissal is **DENIED** as moot.

**SO ORDERED AND ADJUDGED** this the 21st day of June, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE