IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                          **CAUSE NO. 1:12-CR-95-LG-RHW**

**CHRISTOPHER DAVISON**

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [50] Motion for Compassionate Release filed by the defendant, Christopher Davison. The Court initially denied Davison's [39] Motion for failure to exhaust administrative remedies. (*See* Order, ECF No. 46). In turn, Counsel for Davison filed a [47] Motion to Withdraw the Court's denial, which the Court granted. Now before the Court is Davison's second [50] Motion for Compassionate Release. He claims he "suffers from four (4) serious medical conditions that are comorbidities in relation to Covid-19," including an irregular heartbeat that makes it difficult for him to breath, pre-diabetes, a body mass index of 28.6, and hyperlipidemia. (Def.'s Mot., at ¶ 7, at 2, ECF No. 50). He also notes he suffers from depression, degenerative disc disease, and has pre-glaucoma with one glass eye. *Id.* Davison maintains that the comorbidity factors have a significant increase in the likelihood of death in a person contracting COVID-19, and thus, he should be granted a reduction in sentence on that basis alone.

Before a Court can determine whether it may modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), a defendant must first satisfy one of the two exhaustion avenues before a court can consider a motion for compassionate release: (1) "after the defendant has fully exhausted all administrative rights to appeal a

failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). In the Fifth Circuit's decision of *United States v. Franco*, the court determined that the exhaustion requirement "is a paradigmatic mandatory claims-processing rule." 973 F.3d 465, 468 (5th Cir. 2020). Because the rule is mandatory but nonjurisdictional, the Court "*must* enforce the rule" if "the government properly raise[s]" it. *Id.* (quoting *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019)) (emphasis in original). Here, the Government concedes that Davison has exhausted his administrative remedies. (Gov.'s Opp., at 2, ECF No. 52). As such, the Court may consider Davison's Motion on its merits.

A court can modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued a relevant policy since the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to file motions for compassionate release.[1] Regardless, the Court finds that the former policy statement continues to provide helpful guidance for determining whether a

---

[1] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

defendant is entitled to compassionate release. *See* U.S.S.G. § § 1B1.13(2), 1B1.13 cmt. n.1(A)(ii); *see also* 18 U.S.C. § 3142(g).

In this case, the basis for Davison's Motion is the potential effects of the ongoing COVID-19 pandemic on his health. Davison, a 53-year-old male, cites his medical conditions as increasing his likelihood of severe illness if he were to contract the virus. These conditions include an irregular heartbeat that makes it difficult for him to breathe, pre-diabetes, a body mass index of 28.6, and hyperlipidemia. (Def.'s Mot., at ¶ 7, at 2, ECF No. 50). He also notes he suffers from depression, degenerative disc disease, and has pre-glaucoma with one glass eye. *Id.* He also asserts that his parents are in declining health and in need of care. Mainly, his brother, who had been caring for the parents, was murdered in 2020.

The Court finds Davison's arguments under the policy statement unpersuasive. First, the Court notes that publications from the Centers for Disease Control and Prevention ("CDC") recognize conditions such as obesity and diabetes as increasing the risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 26, 2020). However, because Davison is 6'1" and weighs 209 pounds (*see* Present. Invest. Rep., at ¶ 98, at 21, ECF No. 11), his calculated BMI is not deemed obese under CDC standards. *See How is BMI interpreted for adults?*, Centers for Disease Control and Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/index.html

#Interpreted (last visited Oct. 26, 2020). The CDC does not cite hyperlipidemia, depression, degenerative disc disease, or pre-glaucoma as underlying conditions that increase the risk of severe illness from COVID-19. *See id.* Nonetheless, preexisting medical conditions that place a defendant at increased risk are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence. *See, e.g.*, *United States v. Jordan*, 3:92-CR-42, 2020 WL 5118052, at *6 (S.D. Miss. Aug. 31, 2020) (citation omitted); *United States v. Olejniczak*, No. 1:15-CR-142, 2020 WL 2846591, at *4 (W.D.N.Y. June 2, 2020). Second, the Sentencing Commission's policy statement permits family circumstances to be considered if the defendant is the only available caregiver of the spouse or registered partner. *See* U.S.S.G. § 1B1.13 cmt. n.1(C)(i)-(ii). Even so, Davison has not presented any evidence that he is the only available caregiver for his parents in the wake of his brother's death. Thus, the Court finds Davison's claims as not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The statutory sentencing factors also disfavor a sentence reduction. The statutory sentencing factors include the nature and circumstances of the offense and the history of the defendant. The Court may also consider the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with needed education, training, and treatment. 18 U.S.C. § 3553(a).

Here, Davison entered a plea of guilty to attempted possession with intent to distribute 50 grams or more of actual methamphetamine. Davison's total offense level was 29. (Present. Invest. Rep., at ¶¶ 70-79, at 17-18, ECF No. 11). Davison has been convicted of various other crimes, including rape, transfer of a controlled substance, trespassing, and simple assault. (*Id.* at ¶¶ 81-87, at 18-19). The Presentence Investigation Report attests to Davison's drug usage, in which he admitted to daily prior usage of cocaine and crack since the age of 23, with his last usage being on or about July 31, 2012. (*Id.* at ¶ 100, at 21). By his own admission, Davison could benefit from drug and/or alcohol treatment. (*Id.* at ¶ 105, at 22). Although the sentencing guideline was 151-188 months based upon his offense and criminal history, Davison benefited from receiving the bottom period of incarceration under the guidelines. The Court finds that, under these circumstances, a reduction in Davison's sentence would not afford adequate deterrence nor protect the public from his likelihood of recidivism.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [50] Motion for Compassionate Release filed by the defendant, Christopher Davison, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of October, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE